WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Regina A. Habermas, Esq.
Nevada Bar No. 8481
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net
rhabermas@wrightlegal.net
*Attorneys for Plaintiff, Nationstar Mortgage LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, <br><br> Plaintiff, <br><br> vs. <br><br> EAST TROP 2073 TRUST; and CANYON WILLOW TROP OWNERS' ASSOCIATION, <br><br> Defendants. | Case No.: 2:17-cv-01769-MMD-CWH <br><br> **NATIONSTAR MORTGAGE LLC'S MOTION TO ENLARGE TIME TO SERVE SUMMONS AND COMPLAINT PURSUANT TO FED. R. CIV. P. 4(m) AND 6(b)** |

Plaintiff, Nationstar Mortgage LLC ("Nationstar"), by and through its attorneys of record, Dana Jonathon Nitz, Esq. and Regina A. Habermas, Esq., of the law firm of Wright, Finlay & Zak, LLP, hereby moves the Court for an Order enlarging the time to serve the Summons and Complaint on Defendant East Trop 2073 Trust (the "Trust") pursuant to Fed. R. Civ. P. 4(m) and 6(b).

/ / /

/ / /

/ / /

This Motion is made and based upon the following Memorandum of Points and Authorities, all papers and pleadings filed in the case, and any argument that may be presented at the hearing on this matter.

DATED this 22nd day of September, 2017.

> WRIGHT, FINLAY & ZAK, LLP
>
> */s/ Regina A. Habermas, Esq.*
> Dana Jonathon Nitz, Esq.
> Nevada Bar No. 0050
> Regina A. Habermas, Esq.
> Nevada Bar No. 8481
> 7785 W. Sahara Ave, Suite 200
> Las Vegas, NV 89117
> *Attorneys for Plaintiff, Nationstar Mortgage LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This case concerns a homeowners association's non-judicial foreclosure sale, which occurred on August 2, 2013, involving real property situated at 5710 E. Tropicana Avenue, Unit 2073, Las Vegas, Nevada 89122 (the "HOA Sale"). The case arises out of and relates to the HOA Sale and the HOA and its trustee's conduct in connection therewith, including the subsequent handling of the proceeds of the HOA Sale.

Nationstar respectfully requests the Court enter an Order enlarging the time to serve the Summons and Complaint on the Trust pursuant to Fed. R. Civ. P. 4(m) and 6(b). This Court has broad discretion to enlarge the time for service. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). Thus, the Court may enlarge the period of time within which a Summons and Complaint is to be served even where a party fails to demonstrate good cause for failure to serve within 90 days. Id.  Nationstar submits that it has made a diligent effort to serve the Trust within the prescribed period but has been unable to do so. Therefore, Nationstar respectfully requests that the Court enter an order providing Nationstar with an additional 60 days to effectuate service of the Summons and Complaint upon the Trust.

## II. PROCEDURAL HISTORY

On June 27, 2017, Nationstar filed its Complaint for Quiet Title and Declaratory Relief against the Trust. [ECF No. 1]. On July 12, 2017, Nationstar filed its Notice of Lis Pendens [ECF No. 3]. On August 4, 2017, Nationstar filed its Certificate of Interested Parties [ECF No. 6]. On September 18, 2017, Summonses directed to Canyon Willow Trop Owners' Association and East Trop 2073 Trust were issued by the Court [ECF No. 9].

Nationstar has received confirmation from its process server that it has been unable to effectuate service upon the Trust at the street address provided in the Foreclosure Deed, pursuant to which the Trust claims an interest in the subject real property, which is a P.O. Box.[1] Nationstar conducted a search as to the location of the P.O. Box and determined it is located at 5348 Vegas Drive, Las Vegas, NV 89108. However, Nationstar's process server was advised by the front desk reception at that location "that they have no record of East Trop 2073 Trust."[2] Therefore, Nationstar was unable to effectuate service on the Trust at that address.

In addition, the Trustee's Deed Upon Sale fails to identify the Trustee of the Trust and Nationstar has been unable to identify a registered agent for the Trust or to determine whether the Trust is registered with the Nevada Secretary of State. Therefore, Nationstar has not been able to serve the Summons and Complaint. At this time, an alternative method of personal service via service on the Nevada Secretary of State will need to be employed to effectuate service upon the Trust. Nationstar also needs to evaluate whether publication of the Summons and Complaint is required.

/ / /

/ / /

/ / /

---

[1] A true and correct copy of the Foreclosure Deed is attached hereto as **Exhibit 1**. A true and correct copy of the process server's Affidavit of Due Diligence is attached hereto as **Exhibit 2**.
[2] A true and correct copy of the communication between the assigned paralegal and the process server, Nationwide, is attached hereto as **Exhibit 3**.

### III. THE COURT SHOULD ISSUE AN ORDER GRANTING NATIONSTAR AN ADDITIONAL 60 DAYS TO EFFECTUATE SERVICE OF THE SUMMONS AND COMPLAINT UPON THE TRUST

Fed. R. Civ. P. 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Thus, Rule 4(m) provides two avenues for relief. Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). The first is mandatory: the district court must extend time for service upon a showing of good cause for failure to serve within 90 days. Id. The second is discretionary: if the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. Id. The Court may extend time for service even after the 90-day period expires. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). However, that is not necessary in this case because this Motion is filed prior to the expiration of the 90 day period for service.

      Here, the Court should exercise its discretion to extend the time for service and grant Nationstar an additional 60 days to effectuate service of the Summons and Complaint upon the Trust. Nationstar has attempted to serve the Trust within the prescribed period to no avail. Nationstar has employed good faith attempts to serve Nationstar and its inability to serve the Trust, to date, is not the result of intentional delay. Nationstar submits that, at the very least, Nationstar has demonstrated excusable neglect for its failure to timely serve the Trust within the 90 day period. However, Nationstar further submits that the Court may nonetheless exercise its discretion and enlarge the time for service of the Summons and Complaint without such a showing. As recognized in In re Sheehan, the 1993 amendment of Rule 4(m) "added a discretionary component to Rule 4, so that the rule no longer required a showing of good cause to extend the time period [for service]." 253 F.3d at 514. Accordingly, even "if good cause is not

shown, the Court has the discretion to extend the time period." Id. Nationstar has shown good cause for the delay due to either outdated or incorrect information for the Trust and its apparent failure to register with the Nevada Secretary of State. A brief 60-day extension of the deadline to serve the Summons and Complaint will not result in delay or undue prejudice to either the Trust.

## IV. CONCLUSION

Based on the foregoing, Nationstar respectfully requests an Order from the Court granting an additional 60 days to effectuate service of the Summons and Complaint upon Defendant the Trust.

DATED this 22nd day of September, 2017.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Regina A. Habermas, Esq.*
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Regina A. Habermas, Esq.
Nevada Bar No. 8481
7785 W. Sahara Ave, Suite 200
Las Vegas, NV 89117
*Attorneys for Plaintiff, Nationstar Mortgage LLC*

### EXHIBIT INDEX

| Exhibit No. | Description of Document |
|---|---|
| 1 | Foreclosure Deed |
| 2 | Affidavit of Due Diligence |
| 3 | Communication from Nationwide to Wright, Finlay & Zak, LLP |

IT IS SO ORDERED.

DATED: 9/26/17

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE