UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | Case No. 2:17-cv-01769-MMD-CWH |
| Plaintiff, | ORDER |
| v. | |
| EAST TROP 2073 TRUST AND CANYON WILLOW TROP OWNERS' ASSOCIATION, | |
| Defendants. | |

**I.    SUMMARY**

This matter stems from a non-judicial foreclosure sale ("HOA Sale") of real property located at 5710 East Tropicana Ave, Unit 273 in Las Vegas, Nevada 89122 ("Property") to satisfy a homeowners' association lien. Before the Court are Plaintiff Nationstar Mortgage LLC's ("Nationstar") motion for summary judgment ("Nationstar's Motion") and Defendant Canyon Willow Trop Owners' Association's ("HOA") partial motion for summary judgment ("HOA's Motion"). (ECF Nos. 25, 26.)[1] For the reasons stated below, the Court will grant Nationstar's Motion and also grant the HOA's Motion in part and deny it in part.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

May Young ("Borrower") obtained title to the Property in 2000. (ECF No. 1 at 5; ECF No. 1-2.) In 2007, Borrower obtained a loan against the Property ("Loan"); the Loan was evidenced in a note secured by deed of trust ("DOT") encumbering the Property. (ECF No. 1 at 5; ECF No. 1-4.) The Federal National Mortgage Association ("Fannie MAE")

---

[1]In addition to these motions, the Court has considered the parties' respective responses (ECF Nos. 32 & 34 (duplicative documents), 33) and replies (ECF Nos. 38, 39).

subsequently obtained ownership of the Loan and DOT. (ECF No. 25-1 at 2; ECF No. 25-2 at 3, 6–19.)

The HOA, through Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien against the Property after Borrower stopped paying HOA dues. (ECF No. 26-2.) NAS later recorded a notice of default and election to sell, and thereafter notices of foreclosure sale. (ECF Nos. 25-6, 26-4, 26-5, 26-7.)[2] The Property was sold to Defendant East Trop 2073 Trust ("Purchaser") on August 2, 2013 for $5, 750. (ECF No. 26-9.)

At the time of the HOA Sale Fannie Mae maintained ownership of the Loan and the DOT. (ECF No. 25-1 at 2; ECF No. 25-2 at 3, 6–19) Nationstar was servicer of the Loan for Fannie Mae and had the right to represent Fannie Mae's interest in foreclosure actions. (ECF No. 25-2 at 4, 6–19, 30; ECF No. 1-6.) The Federal Housing Finance Agency ("FHFA") was conservator of Fannie Mae at the time of the HOA Sale. Neither FHFA nor Fannie Mae consented to the extinguishment of Fannie Mae's property interest in the DOT.[3]

---

[2]Nationstar objects to the copies of notices of default and mailing records the HOA provides as its exhibits 4, 6, and 8 (ECF Nos. 26-4, 26-6, 26-8) because they are unsupported by properly sworn affidavit. (ECF No. 34 at 2.) However, as the HOA points out these exhibits may be considered here because they would be deemed admissible at trial per testimony from NAS's custodian of records (ECF No. 38 at 2–8). *See, e,g.*, *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003) (considering evidence from a diary, notwithstanding the defendant's hearsay objections, in the context of a motion for summary judgment because the contents of the diary were "mere recitations of events within the [plaintiff/appellant's] personal knowledge and, depending on the circumstances, could be admitted into evidence at trial in a variety of ways"); Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("In other words, when evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial,* a court may still consider that evidence.").

[3]The Court takes judicial notice of FHFA's statement available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises— including Fannie Mae; and the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website).

Nationstar filed the Complaint on June 27, 2017, asserting the following five claims for relief: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar"); (2) quiet title under the Federal Foreclosure Bar; (3) declaratory relief under the Fifth and Fourteenth Amendments to the U.S. Constitution; (4) quiet title under the Fifth and Fourteenth Amendments to the U.S. Constitution; and (5) permanent and preliminary injunctive relief. (ECF No. 1.) All but the third claim is alleged solely against Purchaser. (*See id.*)

## III.   LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."

*Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV. NATIONSTAR'S MOTION (ECF NO. 25)

Nationstar seeks summary judgment solely on the basis that the Federal Foreclosure Bar protects Fannie Mae's DOT from extinguishment under Nevada's foreclosure statute, NRS § 116.3116. (ECF No. 25 at 2, 9–19; ECF No. 39 at 2.) The Court agrees and therefore will grant Nationstar's Motion.

The Court finds the Federal Foreclosure Bar protects Fannie Mae's interest here because at the time of the HOA sale Fannie Mae held an enforceable interest in the Property, was under FHFA conservatorship, and neither FHFA nor Fannie Mae consented to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property (*see supra* note 2; ECF No. 25-1 at 2; ECF No. 25-2 at 3, 6–19). *See, e.g.*, *Alpine Vista II Homeowners Ass'n v. Xiu Pan*, Case No. 3:15-cv-00549-MMD-WGC, 2018 WL 6701275, at *2 n.3 (D. Nev. Dec. 20, 2018) (this Court reaching the same conclusion based on the same essential facts and discussing the preemption of NRS § 116.3116); *see also See Saticoy Bay LLC Series 96 41 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 367–68 (Nev. 2018) (agreeing with Fannie Mae that the Federal Foreclosure Bar preempts NRS § 116.3116). Therefore, the DOT continues to encumber the Property.

The Court rejects the HOA's argument that the Federal Foreclosure Bar does not apply to protect Fannie Mae's property interest because Fannie Mae's property interest was not recorded and thus the HOA had no notice of it or the likely applicability of the Federal Foreclosure Bar.[4] (ECF No. 33 at 4–6.) The applicability of the Federal Foreclosure Bar is based on Fannie Mae's unextinguished property interest—not on

---

[4]Nationstar disputes that the HOA did not have notice of Fannie Mae's interest. (ECF No. 39 at 4.) Nationstar argues that based on the DOT, the HOA should have been aware of (or alerted to) Fannie Mae's interest. (*Id.* at 4–5.) The DOT identifies itself as a "NEVADA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS." (ECF No. 25-1 at 2.)

4

1 whether the HOA has notice under NRS § 106.210, as the HOA argues here (ECF No. 33 at 5). *See, e.g.*, *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017) (providing that the Federal Foreclosure Bar prohibits nonconsensual foreclosure of FHFA assets). The Federal Foreclosure Bar would necessarily preempt Nevada law to the extend Nevada law could be said to undermine the protection it provides. Fannie Mae's property interest is therefore enforceable even if the HOA had no notice of such interest where Nationstar, as servicer of the Loan, appears as the record beneficiary of the DOT. *See, e.g.*, *id.* at 932 ("Although the recorded deed of trust here omitted Freddie Mac's name. Freddie Mac's property interest is valid and enforceable under Nevada law."); *Nationstar Mortg., LLC v. Guberland LLC-Series 3*, 420 P.3d 556 (Table), 2018 WL 3025919, at *2 (Nev. 2018) (finding it immaterial that Fannie Mae was the not a named beneficiary of the DOT).

The Court grants summary judgment in favor of Nationstar and therefore enters judgment in its favor on its first and second claims—declaratory relief and quiet title pursuant to the Federal Foreclosure Bar. Within five days of the entry of this order Nationstar must submit a status report to the Court has to whether it will pursue its other claims, except the third claim as asserted against the HOA, discussed *infra*.

## V. THE HOA'S MOTION (ECF NO. 26)

The HOA argues that it is entitled to summary judgment on Nationstar's third claim for declaratory relief—as noted, the only claim asserted against the HOA. (ECF No. 26 at 5.) The HOA also seeks summary judgment on any "allegations" in the Complaint that the HOA breached NRS § 116.1113's obligations of good faith and duty to act in a commercially reasonable manner. (*Id.* at 7.) The Court grants the HOA's Motion in part and deny it in part.

Per its third claim, Nationstar seeks to have the Court declare that the HOA Sale did not extinguish the DOT because the sale was conducted in accordance with NRS § 116. 3116 *et seq.* which *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) found unconstitutional. (ECF No. 1 at 17.) While the relief Nationstar seeks is essentially moot because the Court already afforded Nationstar declaratory relief

as to the status of the DOT, a declaration can no longer be grounded on the premise that NRS § 116. 3116 *et seq.* is unconstitutional based on *Bourne Valley*. The Court has already rejected that argument. *See, e.g., Bank of New York Mellon v. Log Cabin Manor HOA, et al.*, No. 2:15-cv-02026-MMD-CWH, 2019 WL 302489, slip op. at **2–3 (D. Nev. Jan. 23, 2019). Accordingly, the Court grants the HOA's Motion to the extent it seeks summary judgment on Nationstar's request for declaration that the DOT continues to encumber the Property because NRS § 116. 3116 *et seq.* is facially unconstitutional under *Bourne Valley*.

The Court denies the HOA's Motion as to its second request. Nationstar has not—albeit stating general allegations—averred specific claims for relief under NRS § 116.1113 against the HOA; thus the HOA's related request for summary judgment is unfounded.

## VI.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Nationstar's motion for summary judgment (ECF No. 25) is granted.

It is further ordered that the Clerk enter judgment in favor of Nationstar on its first and second claims for relief brought pursuant to the Federal Foreclosure Bar. Within five days of the day this order is entered Nationstar must submit a status report to the Court has to whether it will pursue its other claims, except the third claim as asserted against the HOA.

It is further ordered that the HOA's motion for summary judgment (ECF No. 26) is granted in part and denied in part. It is granted to the extent the HOA seeks summary judgment on Nationstar's request for declaration that the DOT continues to encumber the Property because NRS § 116. 3116 *et seq.* is facially unconstitutional under *Bourne*

*Valley*. It is denied to the extent the HOA seeks summary judgment on allegations for which Nationstar asserts no claim for relief.

DATED THIS 6th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE