UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, <br><br>Plaintiff, <br>v. <br><br>EAST TROP 2073 TRUST AND CANYON WILLOW TROP OWNERS' ASSOCIATION, <br><br>Defendants. | Case No. 2:17-cv-01769-MMD-CWH <br><br>ORDER |

In this case concerning the foreclosure sale of real property located at 5710 East Tropicana Ave, Unit 2073, Las Vegas, Nevada 89122 ("Property"), Defendant East Trop 2073 Trust ("Purchaser") has filed a motion for relief from judgment ("Motion") (ECF No. 55). The Court will deny the Motion.

In order to preserve the finality of judgments, the Federal Rules of Civil Procedure limit a party's ability to seek relief from a final judgment. *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Rule 60(b) lists six grounds under which a party may seek relief from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

///

Fed. R. Civ. P. 60(b).

Here, Purchaser seeks relief from the Court's orders and final judgment in favor of Nationstar on the fourth ground. (ECF No. 55.) The Court previously found that the Property remained encumbered by Fannie Mae's deed of trust pursuant to 12 U.S.C. § 4617(j)(3) (Federal Foreclosure Bar). (ECF Nos. 45, 46, 48, 49.) Purchaser contends that the final judgment is void as against it because Nationstar failed to properly effectuate service upon it and therefore the Court lacked personal jurisdiction over it when the Court rendered its judgment. (ECF No. 55.) Notably, Purchaser challenges the Court Clerk's entry of default judgment against it based on Nationstar's service on the Nevada Secretary of State ("Secretary") in lieu of service on Purchaser personally. *(Id.* at 5, 6–7.) By the time the Clerk entered default against Purchaser, Nationstar had also twice attempted to serve Purchaser to no avail. (ECF Nos. 13, 14, 17, 31.)

Due to insufficiencies in the briefing, the Court held a hearing on the Motion on April 10, 2019 ("Hearing") and ordered that the parties provide supplemental briefing regarding the sufficiency of Nationstar's affidavits related to service on Purchaser (*id.*). (ECF No. 64.) Considering the parties' supplemental briefing (ECF Nos. 65, 68), the Court cannot find that Nationstar failed to exercise due diligence under NRS § 14.030(3) before serving Purchaser via the Secretary. The Court therefore concludes that Nationstar has substantially complied with the pertinent service requirements and Purchaser has failed to show otherwise.

Under Fed. R. Civ. P. 4(h), a domestic or foreign corporation, partnership or other unincorporated association that is subject to suit under a common name may be served (i) by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law [, i.e., statute] to receive service of process . . ."; or (ii) in accordance with state law regarding service of such entity under Fed. R. Civ. P. 4(e)(1). *See* Fed. R. Civ. P. 4(h). At the Hearing, the Court made clear to the parties its position that NRS § 14.030 provides the applicable law based on Fed. R. Civ. P. 4(h)'s reference to state law and statute and because the

Purchaser does not dispute Nationstar's apparent position that Purchaser failed to register itself—or an agent—with the Nevada Secretary of State (ECF No. 65 at 3). *See* Fed. R. Civ. P. 4(h)(1)(B). Thus, as an initial matter, the Court rejects Purchaser's persistent reliance on Nev. R. Civ. P. 4(d)(1) and 4(d)(2) as governing the issue of service here. (*See, e.g.*, ECF No. 68 at 3–4.)

Pertinently, NRS § 14.030 authorizes service on the Secretary were the plaintiff

> make or cause to be made and filed an affidavit setting forth facts, showing that due diligence has been used to ascertain the whereabouts of the officers of the artificial person to be served, and the facts showing that direct or personal service on, or notice to, the artificial person cannot be had.
>
> If it appears from the affidavit that there is a last known address of the artificial person or any known officers thereof, the plaintiff shall, in addition to and after such service on the Secretary of State, mail or cause to be mailed to the artificial person or to the known officer, at such address, by registered or certified mail, a copy of the summons and a copy of the complaint, and in all such cases the defendant has 40 days after the date of the mailing within which to appear in the action.

NRS § 14.030(3), (4).

At the Hearing, the Court indicated that its concern was whether Nationstar's affidavits, particularly ECF No. 14, had properly set forth the facts to demonstrate due diligence before serving the Secretary—i.e. § 14.030(3)'s requirements (ECF No. 17). However, in its supplemental briefing, Purchaser summarily states that Nationstar failed to provide evidence of due diligence in its "two 'attempts' to personally serve" Purchaser and that it is unclear whether Nationstar "could have effectuated" service had it exercise due diligence. (ECF No. 68 at 3.) Purchaser's argument is perplexing to the extent it suggests that Nationstar could not have effectuated service—the Court's curiosity is further peaked to the extent Purchaser at no point identifies an address where service would have been proper.

In any event, under Ninth Circuit caselaw personal jurisdiction may be found where there is "substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2dd 1344, 1347 (9th Cir. 1982); *see also Jes Solar Co. Ltd. v. Tong Soo Chung*, 725 F. App'x 467, 470 (9th Cir. 2018) (internal quotations and citation omitted) ("[W]e liberally construe service

rules, but service must still be completed in substantial compliance with Rule 4[,]" but noting there "Plaintiff failed to make any attempt at personal service whatsoever"). Nationstar has demonstrated such compliance with the provisions of NRS § 14.030(3). Here, Nationstar moved for an enlargement of time for the purpose of servicing the Secretary in lieu of Purchaser because Nationstar was unable to locate Purchaser at the street address provided in the relevant foreclosure deed and was unable to identify a registered agent for Purchaser or determine its registration. (ECF No. 10 at 3.) Additionally, Nationstar filed two separate Affidavit of Due Diligence showing its efforts to locate Purchaser before service on the Secretary. (ECF Nos. 13, 14.) The second affidavit evidences Nationstar's attempts to serve Purchaser over five separate days. (ECF No. 14.) Further, while Purchaser appears to argue that Nationstar attempted service on the wrong entity (ECF No. 68 at 3) based on the first affidavit of due diligence stating "[r]esults: spoke with front desk reception stated they have no record of 312 Pcono Ranch Trust [,]" (ECF No. 13) no such statement appears on the second affidavit. (*Compare id. with* ECF No. 14.) Thus, even assuming Nationstar initially attempted service on the wrong entity, there is no indication that such assumption should also apply to the second attempt at service on Purchaser.

Next, NRS §14.030(4)'s mailing requirement is arguably excused here because the record reflects that albeit exercising due diligence Nationstar was unable to obtain the correct address for Purchaser—much less being aware of a last known address—and neither Purchaser nor its agent (if it had one) could be found.

In sum, the Court finds that Nationstar has substantially complied with its obligations under Rule 4 so has to render exercise of personal jurisdiction over Purchaser proper. Accordingly, the Court denies Purchaser's motion for relief from judgment based on lack of personal jurisdiction.

///

///

///

It is therefore ordered that Defendant East Trop 2073 Trust's motion for relief from judgment (ECF No. 55) is denied.

DATED THIS 8th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE